IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI‘I

| | |
|---|---|
| WILLIS C. MCALLISTER,<br><br>Plaintiff,<br><br>v.<br><br>DISPUTE PREVENTION AND RESOLUTION, INC., *et al.*,<br><br>Defendants. | Case No. 19-cv-497-DKW-RT<br><br>**ORDER (1) GRANTING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS; AND (2) DISMISSING ACTION WITH LEAVE TO AMEND.**[1] |

On September 11, 2019, Plaintiff Willis McAllister, proceeding *pro se*, filed an application to proceed *in forma pauperis* ("IFP Application") and a civil complaint against Defendants Dispute Prevention and Resolution, Inc. (DPR); Keith Hunter; Stefan Reinke; and Kelly Bryant. Dkt. Nos. 1, 6, 13.[2] On November 1, 2019, the Court issued an Order (Dkt. No. 11), concluding that this Court was divested of jurisdiction to review the IFP Application or screen the complaint by virtue of McAllister having appealed to the Ninth Circuit Court of Appeals, challenging this Court's decision to deny McAllister's motion for recusal. Dkt. No.

---

[1] Pursuant to Local Rule 7.1(c), the Court finds these matters suitable for disposition without a hearing.
[2] McAllister initially filed his IFP Application on September 11, 2019, Dkt. No. 3. But on November 6, 2019, McAllister filed an Amended IFP Application. Dkt. No. 13.

7. After further consideration, McAllister's appeal does not divest this Court of jurisdiction, and the Court's November 1, 2019 order to the contrary is vacated.[3]

Because the IFP Application reflects that McAllister does not have the ability to pay the filing fee in this case, the Court GRANTS the IFP Application. However, because McAllister does not allege a claim in his Complaint, this action is DISMISSED with leave to amend.[4]

I. **The IFP Application**

Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates an inability to pay. *See* 28 U.S.C. § 1915(a)(1). While Section 1915(a) does not require a litigant to demonstrate absolute destitution, *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948), the applicant

---

[3] An order denying a motion for recusal is not an immediately appealable final order under the collateral order doctrine. *Thompson v. Comm'r*, 742 F. App'x 316, 317 (9th Cir. 2018); In re *Cement Antitrust Litig.*, 673 F.2d 1020, 1023–25 (9th Cir. 1982). An interlocutory appeal that is not subject to review does not divest a district court of its jurisdiction. *See United States v. Hickey*, 580 F.3d 922, 928 (9th Cir. 2009); *Ruby v. Secretary of the United States Navy*, 365 F.2d 385, 388–89 (9th Cir. 1966) ("Where the deficiency in a notice of appeal, by reason of untimeliness, lack of essential recitals, or reference to a non-appealable order, is clear to the district court, it may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction."). Because the Ninth Circuit lacks jurisdiction to review McAllister's appeal, jurisdiction "cannot float in the air," *Ruby*, 365 F.2d at 388–89, and therefore, this Court is not deprived of its jurisdiction by virtue of McAllister's notice of appeal.

[4] The Court subjects each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

must nonetheless show that he is "unable to pay such fees or give security therefor," 28 U.S.C. § 1915(a).

Here, McAllister has made the required showing under Section 1915(a). In the Amended IFP Application, Dkt. No. 13, McAllister states that he receives $1,011 per month in Social Security benefits. Further, McAllister states that he receives no other income, has $45 in a checking or savings account, and owns no automobile, real property, or financial instruments. In light of these figures, McAllister's income falls below the poverty threshold identified by the Department of Health and Human Services' ("HHS") 2019 Poverty Guidelines. *See* HHS Poverty Guidelines, *available at* https://aspe.hhs.gov/poverty-guidelines. In addition, McAllister has insufficient assets to provide security. As a result, the Court GRANTS the Amended IFP Application, Dkt. No. 13.

## II. Screening

The Court liberally construes the *pro se* Complaint. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). However, the Court cannot act as counsel for a *pro se* litigant, such as by supplying the essential elements of a claim. *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

In the Complaint, Dkt. No. 1, McAllister asserts that in an underlying employment discrimination case,[5] the court issued a February 22, 2018 order, enforcing an arbitration agreement and requiring the parties to arbitrate all claims. *See* Dkt. No. 1, ¶ 7.2; Order, *McAllister v. Hertz Global Holdings, Inc.*, No. 1:17-cv-147 (D. Haw. Feb. 22, 2018), ECF No. 68 [hereinafter "*Hertz*"]. McAllister alleges that a contract was thereby formed, the parties to which included himself and the defendants named in the underlying action. Dkt. No. 1, ¶ 7.2. The Arbitration Administrator and Arbitrator were, respectively, Defendants DPR and Stefan M. Reinke. *See* Dkt. No. 1, ¶ 7.3; Dkt. Nos. 1-1, 1-7.

On July 1, 2019, Defendant Keith Hunter, President of DPR, sent a letter to the parties in the underlying case, informing them that DPR and Reinke had "made the decision to withdraw" and that they would "refund in full all deposits received." Dkt. No. 1-7. By withdrawing, McAllister alleges Hunter and Reinke "breached their contract to Arbitrate this matter." Dkt. No. 1, ¶ 7.9. McAllister then filed a motion requesting sanctions in the underlying proceedings. Dkt. No. 1-8. The motion was denied because, the court reasoned, it "lack[ed] jurisdiction" to

---

[5]Complaint, *McAllister v. Hertz Global Holdings, Inc.*, No. 1:17-cv-147 (D. Haw. April 2, 2017), ECF No. 1. In assessing the sufficiency of a complaint, a court may take judicial notice of "undisputed matters of public record," such as "documents on file in federal or state courts." *Harris v. Cty. of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2001).

intervene. Dkt. No. 1-9 at 1. McAllister's lawsuit in *Hertz* remains stayed pending the completion of arbitration.

In this case, McAllister asserts two claims: (1) breach of contract and (2) violation of 42 U.S.C. Section 1981(a). Although arbitral immunity does not apply in this case,[6] neither claim is viable.

**A.     Breach of Contract**

To sustain a claim for breach of contract, a plaintiff must allege: (1) the existence of a contract;[7] (2) plaintiff's performance; (3) defendant's failure to perform an obligation under the contract; and (4) damages as a result of failure to perform. *See Calipjo v. Purdy*, 439 P.3d 218, 225 (Haw. 2019).

---

[6]McAllister asserts arbitral immunity does not apply. Dkt. No. 1 at 9–11. Arbitral immunity shields arbitrators "from civil liability for acts within their jurisdiction arising out of their arbitral functions in contractually agreed upon arbitration hearings." *Sacks v. Dietrich*, 663 F.3d 1065, 1069 (9th Cir. 2011) (quoting *Wasyl, Inc. v. First Boston Corp.*, 813 F.2d 1579, 1582 (9th Cir. 1987)); *United States v. City of Hayward*, 36 F.3d 832, 838 (9th Cir. 1994) (immunity extends to arbitration organizations). But "arbitral immunity does not extend to every act of an arbitrator"; immunity will attach "only to those acts taken by arbitrators within the scope of their duties and within their jurisdiction." *Sacks*, 663 F.3d at 1582 (citation and internal quotation marks omitted). "If the claim, regardless of its nominal title, effectively seek[s] to challenge the decisional act of an arbitrator or arbitration panel . . . then the doctrine of arbitral immunity should apply. If not, the doctrine would not apply." *Id.* (citation and internal quotation marks omitted). McAllister's claims arise from Defendants' decision to withdraw from arbitrating the underlying case. Because this case does not present a "challenge [to] the decisional act of an arbitrator or arbitration panel" made "within the scope of their duties," arbitral immunity does not apply. *Id.*

[7]An enforceable contract requires: "(1) capacity to enter the contract, (2) offer, (3) acceptance, and (4) consideration." *Calipjo v. Purdy*, 439 P.3d 218, 233 (Haw. 2019).

First, the Complaint does not contain factual allegations to suggest the existence of a contract. Rather, McAllister alleges in conclusory fashion that a contract was formed between himself and *the defendants in the underlying action.* Dkt. No. 1, ¶ 7.2. The fact that the *Hertz* Court found there was a valid arbitration agreement between McAllister and certain defendants in *Hertz* does not mean that a contract was formed between McAllister and the Defendants in *this case*. Order at 4–6, *Hertz*, No. 1:17-cv-147 (D. Haw. Feb. 22, 2018), ECF No. 68.

Second, even if a contract was formed between the relevant parties, McAllister has not alleged facts showing that Defendants had an obligation under the terms of the contract to arbitrate the case, much less that, according to the terms of the agreement, Defendants breached their obligation. *See Johnson v. Fed. Home Loan Mortg. Corp.*, 793 F.3d 1005, 1007 (9th Cir. 2015) (state law breach of contract claim properly dismissed because complaint did not allege any facts that showed defendant had contractual duty to service loan). In fact, the terms of any agreement, and the agreement itself, are absent from the Complaint.

Third, once again, even if a contract existed between the relevant parties, and even if Defendants breached that contract, McAllister does not identify how he was damaged. His Complaint, for instance, alleges that upon deciding not to serve as arbitrator, DPR promised to "refund in full all deposits received." Dkt. No. 1-7.

The district court, moreover, determined that "it has not been shown that there is no other arbitrator available to the parties." Dkt. No. 1-9 at 2. Accordingly, damages appear to be absent.

For all these reasons, McAllister has failed to state a claim for breach of contract.

### B.     Claim Under 42 U.S.C. Section 1981

Section 1981 "protects the equal right of '[a]ll persons within the jurisdiction of the United States' to 'make and enforce contracts' without respect to race." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 474–75 (2006) (quoting 42 U.S.C. Section 1981(a)). Making and enforcing contracts includes "'the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.'" *Id.* at 475 (quoting § 1981(b)). "Any claim brought under § 1981, therefore, must initially identify an impaired contractual relationship under which the plaintiff has rights." *Id.* at 476 (internal quotation omitted). A plaintiff "cannot state a claim under § 1981 unless he has (or would have) rights under the existing (or proposed) contract that he wishes to make or enforce." *Id.* at 479.

As explained above, McAllister has not alleged the existence of a contract through which he had the *right* to have his claims arbitrated by Defendants. *See*

7

*Metoyer v. Chassman*, 504 F.3d 919, 930–31 (9th Cir. 2007) (no discriminatory breach of contract claim under Section 1981 because defendant had no "contractual obligation to confirm [plaintiff]" to a particular position).

Even assuming *arguendo* that McAllister's conclusory assertions give rise to a valid contract, Section 1981 "can be violated only by purposeful discrimination." *Gen. Bldg. Contractors Ass'n, Inc. v. Pennsylvania.*, 458 U.S. 375, 391 (1982); *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate*, 470 F.3d 827, 837–39 (9th Cir. 2006). McAllister must therefore plead facts showing "purposeful discrimination," *i.e.*, that Defendants withdrew from serving as the arbitrator because of McAllister's race.

Here, the "complaint does not contain any factual allegation sufficient to plausibly suggest [Defendants'] discriminatory state of mind." *Ashcroft v. Iqbal*, 556 U.S. 662, 683 (2009); *McZeal v. JPMorgan Chase Bank, N.A.*, 735 F. App'x 91, 917 (9th Cir. 2018) (holding plaintiff "failed to state a claim under 42 U.S.C. § 1981 because he failed to allege intentional discrimination on the basis of race."). Accordingly, McAllister has failed to state a claim for discrimination under Section 1981.[8]

---

[8] The Court further notes that McAllister has not alleged *any* facts regarding the conduct of Defendant Kelly Bryant. Thus, any claim (including one for breach of contract) against Bryant is DISMISSED.

## III. <u>Conclusion</u>

Because McAllister has failed to allege facts supporting either of his two claims, this action is dismissed. However, because it may be possible for McAllister to allege one or more plausible claims for relief, the Court will allow him leave to amend to attempt to do so. In that regard, the Court will mail McAllister a copy of a form complaint for use in a civil *pro se* proceeding, such as this one. Should McAllister choose to use the form mailed to him, he should answer **all** of the questions clearly and concisely. More specifically, McAllister should set out each claim under a separate label or heading. Under each claim, McAllister must write short, plain statements telling the Court: (1) the specific basis of this Court's jurisdiction; (2) the legal right(s) he believes were violated; (3) the name of the defendant(s) who violated those right(s); (4) exactly what each defendant did or failed to do; (5) how the action or inaction of a defendant is connected to the violation of McAllister's right(s); (6) what specific injury he suffered because of a defendant's conduct; and (7) what relief he seeks.

McAllister may have until **December 9, 2019** to file an amended complaint. **The Court cautions McAllister that the failure to file an amended complaint, consistent with the terms of this Order, by December 9, 2019 may result in the automatic dismissal of this action without prejudice and without further notice.**

The Clerk is directed to mail McAllister a copy of form "Pro Se 1" "Complaint for a Civil Case."

IT IS SO ORDERED.

Dated: November 8, 2019 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

---

*Willis C. McAllister v. Dispute Prevention and Resolution, Inc., et al*;
Civil No. 19-00497 DKW-RT; **ORDER (1) GRANTING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS; AND (2) DISMISSING ACTION WITH LEAVE TO AMEND**