IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| WILLIS C. MCALLISTER,<br><br>Plaintiff,<br><br>v.<br><br>DISPUTE PREVENTION AND RESOLUTION, INC., *et al.*,<br><br>Defendants. | Case No. 19-cv-00497-DKW-RT<br><br>**ORDER (1) DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION; AND (2) REVOKING PLAINTIFF'S IN FORMA PAUPERIS STATUS FOR PURPOSES OF APPEAL**[1] |

*Pro se* Plaintiff Willis McAllister filed this action against Dispute Prevention and Resolution, Inc. (DPR); Keith Hunter; and Stefan Reinke, based on conclusory allegations that racial animus was the reason Defendants withdrew from serving as the arbitrators in the underlying employment discrimination case that McAllister filed in federal court.[2]  Dkt. No. 1, 19.  On January 7, 2020, the Court dismissed McAllister's first amended complaint (FAC) without leave to amend because he failed to correct the deficiencies previously identified by the Court.   Dkt. No. 21.

---

[1]Pursuant to Local Rule 7.1(c), the Court finds these matters suitable for disposition without a hearing.
[2]Complaint, *McAllister v. Hertz Global Holdings, Inc.*, No. 1:17-cv-147 (D. Haw. April 2, 2017), ECF No. 1.

Pursuant to Rules 60(b) or 59(e) of the Federal Rules of Civil Procedure, McAllister now urges the Court to reconsider the dismissal of this action. Dkt. No. 23.

Because McAllister has failed to establish a basis in law or fact for altering the January 7, 2020 Order, McAllister's motion for reconsideration is DENIED.

## **DISCUSSION**

### A.  **Jurisdiction**

McAllister's appeal of this Court's January 7, 2020 Order generally divests this Court of jurisdiction over the matters being appealed. *Natural Res. Def. Council v. Southwest Marine, Inc*., 242 F.3d 1163, 1166 (9th Cir. 2001) (citing *Griggs v. Provident Consumer Discount Co*., 459 U.S. 56, 58 (1982) (*per curiam*)). As an exception to this general rule, however, a district court retains jurisdiction to rule on a timely-filed motion for reconsideration under Rules 60(b) or Rule 59(e). *See United Nat'l Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1109 (9th Cir. 2001) (citing Fed. R. App. P. 4(a)(4)(B)(i)); *Stone v. I.N.S.*, 514 U.S. 386, 402 (1995) (noting that "these motions also serve to divest the appellate court of jurisdiction where the motions are filed after appeal is taken"); *Griggs*, 459 U.S. at 402–03.

McAllister's motion is timely under Rules 59(e) and 60(b), and therefore, this Court has jurisdiction to decide McAllister's motion.

**B.    Standard of Review**

A motion for reconsideration filed within twenty-eight days of entry of judgment is considered under Rule 59(e); a motion filed later is considered under Rule 60(b).    *See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001); *Rishor v. Ferguson*, 822 F.3d 482, 489–90 (9th Cir. 2016).    Because McAllister filed his motion within twenty-eight days of judgment, the Court analyzes his motion under Rule 59(e).

Altering or amending a judgment under Rule 59(e) is an "extraordinary remedy" that is available only if there is: (1) a "manifest" error of "law or fact"; (2) "newly discovered or previously unavailable evidence"; (3) an "intervening change in controlling law"; or (4) a need to prevent "manifest injustice."    *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (citing *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (*en banc*)); *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).    As such, a Rule 59 motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."    *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485–86 n.5 (2008) (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, at 127–28 (2d ed. 1995)). "Whether or not to grant reconsideration is committed to the sound discretion of the

court." *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation,* 331 F.3d 1041, 1046 (9th Cir. 2003).

## C.    McAllister's Motion is Denied

### 1.    Breach of Contract Claim

The Court dismissed McAllister's breach of contract claim because McAllister had failed to sufficiently allege: (1) the existence of an enforceable contract supported by consideration; (2) that Defendants had a contractual obligation to serve as the arbitrators; and (3) damages.   Dkt. 21 at 4–6.   McAllister contends the Court erred in reaching these conclusions.   Dkt. No. 23 at 8–9.   In support, McAllister points to the following exhibits attached to his motion: a two-page "Agreement to Participate in Binding Arbitration"—which McAllister purportedly signed on December 21, 2018, Dkt. No. 23-3; a chain of e-mails indicating that, *inter alia*, McAllister submitted the signed agreement to DPR via e-mail on December 21, 2018, Dkt. No. 23-3 at 3–7; Dkt. No. 23-4; DPR's 2016 arbitration rules and procedures, Dkt. No. 23-5; DPR's 1995 rules and procedures, Dkt. No. 23-6; and a "Submission to ADR Form"—signed only by the parties in the underlying employment discrimination dispute, Dkt. No. 23-7.

Even assuming *arguendo* that these documents establish the existence of an enforceable contract with Defendants, and that Defendants were obligated under the

contract to serve as the arbitrator, McAllister has failed to identify any damages that he incurred as a result of Defendants' alleged withdrawal from the arbitration process. Indeed, McAllister does not offer any argument to dispute the conclusion that the parties were reimbursed for any deposits made to DPR, nor can he seriously allege the inability to secure alternate arbitration services. Accordingly, there is no basis to justify reviving McAllister's breach of contract claim.

### 2. Claims Under 42 U.S.C. Sections 1981 and 1985

As for the dismissal of McAllister's claims under 42 U.S.C. Sections 1981 and 1985, McAllister's contentions that the Court erred are a transparent attempt to "relitigate old matters." *Exxon Shipping Co.*, 554 U.S. at 485–86 n.5. That is, McAllister has simply recycled many of the same assertions made in the FAC. And even assuming *arguendo* that McAllister had a contractual right to have his claims arbitrated by Defendants, this does not change the fact that there are two other independent reasons why McAllister's Title 42 claims fail as a matter of law.

First, with respect to McAllister's claims under Sections 1981 and 1985(3), McAllister has not alleged *facts* to plausibly suggest that Defendants withdrew from serving as the arbitrators because their state of mind was fixed on "purposeful [racial] discrimination." *See, e.g.*, *Gen. Bldg. Contractors Ass'n, Inc. v. Pennsylvania.*, 458 U.S. 375, 391 (1982); *Iqbal*, 556 U.S. 662, 676–77, 683 (2009);

5

*Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267–68 (1993)). He does not even allege, for instance, that Defendants were even aware of his race. Second, as it pertains to McAllister's Section 1985(3) claim, McAllister has not alleged *facts* to suggest that Defendants "conspired—that is, reached an agreement—with one another" to discriminate against McAllister. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1868 (2017); *see also Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988) ("A mere allegation of conspiracy without factual specificity is insufficient."); *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1039 (9th Cir. 1991).

Because McAllister has not identified a basis in law or fact for altering the January 7, 2020 Order, McAllister's motion for reconsideration is DENIED.

**D.     An Appeal Would Not Be Taken In Good Faith**

On February 10, 2020, the Ninth Circuit Court of Appeals asked this Court to determine "whether in forma pauperis status should continue for [McAllister's] appeal or whether the appeal is frivolous or taken in bad faith." Dkt. No. 27.

The Court certifies that any appeal of its dismissal would not be made in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. 24(a)(3). As the Court explained in the January 7, 2020 Order, this action was dismissed due to McAllister's repeated assertion of "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Iqbal*, 556 U.S. at 678; Dkt. No. 21 at 12. Because an appeal of this dismissal would

have no arguable basis in law or fact, as reinforced by the Court's ruling on Plaintiff's reconsideration request, an appeal would be frivolous. *See Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)) (explaining that "a complaint . . . is frivolous where it lacks an arguable basis either in law or in fact"). Accordingly, the Court REVOKES McAllister's *in forma pauperis* status for purposes of appeal.

## CONCLUSION

For the reasons stated, McAllister's Motion for Reconsideration, Dkt. No. 23, is DENIED, and the Court REVOKES McAllister's *in forma pauperis* status for purposes of appeal.

The Clerk of Court is DIRECTED to send a copy of this Order to McAllister and to the Ninth Circuit Court of Appeals. *See* Fed.R.App.P. 24(a)(4)(B).

IT IS SO ORDERED.

Dated: February 12, 2020 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

*Willis C. McAllister v. Dispute Prevention and Resolution, Inc., et al*;
Civil No. 19-00497 DKW-RT; **ORDER (1) DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION; AND (2) REVOKING PLAINTIFF'S IN FORMA PAUPERIS STATUS FOR PURPOSES OF APPEAL**